Would you call the case, ma'am, for me? Good morning, your honors, and may it please the court, counsel. My name is Amber Hopkins-Reed, and I'm with the Office of the State Appellate Defender. Here on behalf of the defendant, Mr. Timothy Koch. At Mr. Koch's guilty plea hearing, he was convicted of two counts of child pornography, and he was convicted of those counts and originally sentenced to 36 months probation. He was not admonished of mandatory consecutive sentences at his sentencing hearing. Instead, he was only told he was eligible for a sentence between three and seven years' imprisonment. Thereafter, Mr. Koch, his probation was revoked, and the circuit court sentenced him to two concurrent terms of five years' imprisonment. However, after determining that consecutive sentences were required, the court sentenced him to four and a half years' mandatory consecutive. This court should remand the case to the circuit court for resentencing for two reasons. First, the trial court abused its discretion when it sentenced Koch to consecutive terms of imprisonment that exceeded the maximum penalty he was admonished of, while also failing to admonish him that his sentences in this case were mandatory. And second, the assistant state's attorney misled the court into nearly doubling Mr. Koch's sentence. To my first point, the trial court abused its discretion when it sentenced Koch in excess of his durational admonishments and failed to consider the lack of admonishments regarding consecutive sentences. Opposing counsel agrees that the defendant was not formally admonished by the trial court of mandatory consecutive sentences. Based on the record, defense counsel and the trial court seem to be confused about the consecutive nature of Mr. Koch's sentences. Therefore, it's not reasonable to assume that Mr. Koch knew about mandatory consecutive sentences until right before his final resentencing, and this can be seen from the record. On April 17, 2015, Mr. Koch pled guilty and was told he was eligible for a sentence between three and seven years. He was ultimately sentenced to 36 months probation. A year later, his probation was revoked, and on March 23, he admitted to violating his probation, and he again was not told of consecutive sentences. Then on April 8, at his sentencing hearing, the state requested consecutive sentences, and in response two days later, Mr. Koch filed a letter with the court In response, the court held a hearing on May 4, 2016, and determined that the letter was not a motion to withdraw. The trial court seemed to be confused but was attempting to find out if consecutive sentences were required. The court asked defense counsel whether Koch had ever been admonished of consecutive sentences at the initial guilty plea hearing. Counsel told the court that he couldn't speak to whether Mr. Koch had ever been told of consecutive sentences because he was not counsel at the guilty plea hearing. Instead, counsel told the court that he had told Mr. Koch of the possibility of consecutive sentences, but the court failed to look into its own record to determine whether it had ever told Mr. Koch of the possibility of consecutive sentences. Instead, the court found that discretionary consecutive sentences were available. The court went through an analysis that weighed aggravating and mitigating factors, and chose not to impose consecutive sentences, and instead imposed a five-year concurrent term. Then on May 26, 2016, the court is alerted to the fact that mandatory sentences are in fact required, and then at his final resentencing on June 6, 2016, Mr. Koch is sentenced to four and a half years concurrently. This sentence is two years greater than the admonishments that he was ever given, which were three to seven years, and five years greater than the sentence he was given at his sentencing on May 4. Here, the trial court seemed concerned that Mr. Koch, his sentence would be reflected by his admonishments. She took care to weigh the aggravating and mitigating factors in this case, and she specifically chose not to impose consecutive sentences. However, when consecutive sentences were required, she increased Mr. Koch's sentence by two years. Thus, the trial court would likely welcome the opportunity and the remand and the opportunity to resentence Mr. Koch in accordance with his admonishments. Next. The ability to remand it for a resentencing? So based on the revenues that have been reflected in much of the case law is based on withdrawing his admissions. However, Mr. Koch has admitted both to violating his probation, and he pled guilty in his companion case, 15 CF 17. And so the practical impact, even if he withdrew his admission, would be the opportunity to a fair resentencing. What was the range of punishment, three to seven? Yes, ma'am. So if we were to fix it here, we'd have to go two and a half consecutive, and that's below the minimum three-year sentence. So although the five-year sentence would not be possible in this case, it is able to still reconfigure the sentences so that they fall within his admonished range. If he was resentenced to three years, he would be ultimately given six years, which still falls within this three- to seven-year range that he was admonished of, even at his initial guilty plea hearing. Are you asking us to do that? No, I'm asking this to just be sent back to give the trial court the opportunity to reexamine these factors and to reweigh whether a different sentence would be required. Remanding doesn't affect the ‑‑ he's not withdrawing his admission, is he? No. To my second ‑‑ And does he have to do that? It doesn't appear that he has to do that. Mr. Cook is just looking for the opportunity to be fairly ‑‑ I know what he's looking for, but does he have to withdraw? Even if he would withdraw his admission, the practical impact would be the same. He would still have the ‑‑ he would admit to violating them, as he previously did in both this case and the other case, and he would then get the opportunity to be resentenced by the trial court. What about the underlying offense that caused the violation of his probation? Those are other possible felony charges, right? And that case is currently on remand from this court. So it was sent back, I believe, a couple weeks ago. To my second point, Mr. Cook should also be resentenced because the assistant state's attorney misled the trial court into nearly doubling Mr. Cook's sentence. On 5-26-2016, the assistant state's attorney told the trial court that it could amend Mr. Cook's sentence so that his sentence ends up reflecting the amount of time that the judge initially intended to give Mr. Cook. The assistant state's attorney concluded and told the judge that she was within her right to kind of maneuver the numbers to reflect the nine years that she intended. Opposing counsel here alleges that the judge could manipulate the sentence in reference to the companion case 15‑CF17. However, there's no reference to this case at Mr. Cook's hearing just on this ‑‑ just on his admonishments in this case. So there was no reference to a nine‑year sentence in that hearing. So the assistant state's attorney is asking the court to kind of look at a case that was never brought up and assume that the trial judge intended that nine‑year sentence in this case. We're asking that this court find that the trial court abused its discretion because it relied on this misleading information and changed its intended sentence. And this judge should be given the opportunity to resentence Cook in line with her initial intentions. In conclusion, this court should remand the case for resentencing and give the trial court the opportunity to reform Mr. Cook's sentences to reflect its initial sentencing determination and the admonishments that were originally given to Mr. Cook. Does the judge have to do that? She does not have to do that. Under Section 5‑4.550, the sentence is statutorily valid. We're just asking that she be given the opportunity to relook at these factors that she didn't know about or didn't take into account at the initial sentencing. If there are no other questions, thank you. Thank you, counsel. May I please court? Counsel. What I would like the court to do is to keep two things in mind as I argue this morning. Number one, at no time, at no time did the trial judge prior to the admissions and the guilty plea utter the words, mandatory consecutive sentences. Okay? Secondly, what I want the court to keep in mind is the mistake that is being made this morning, what I've heard in your Honor's speaking as well as counsel, is the fact that you're treating the consecutive sentences in the aggregate. You're saying 4.5 plus 4.5 is 9. Right? That... It isn't. Well, it is, but it isn't. Okay? All right. How is that possible? I'm going to get to that. Okay? What you have here is you have the defendant pleading guilty to two felonies in the 15 CF case. At the same time, he admits to the probation litigation in the 13 CF case that he had already pleaded guilty to when he was on probation. Okay? At the time that the admissions are made, the assistant state's attorney says, what we're asking for is we're asking for 10 years on the 15 CF case, we're asking 10 years for the traveling, 10 years for the grooming, consecutive, 20 years. On the 13 CF case, we're asking for seven years and seven years consecutive for 14. We're asking for 24 years. It's mandatory. The prosecutor basically advised everybody correctly. Nobody listened. And so what happened is that was the first time that the defendant had heard anything about or had heard any term with the word consecutive in it. You're talking about the original. I'm talking – I'm going – The original sentencing hearing. Right. After he – when he pleaded guilty to the two felonies and made the admission. Okay? I'm somewhere in May of 16, I think. Pardon me? At the replication and probation sentencing hearing. No, no. No. Before that, both – everything came up simultaneously. Oh, I see. You're talking about the other – Right. Earlier. I'm talking – Right. And they came up simultaneously. Because in a lot – if you see a lot of the trial records and you see a lot of probation notification, what will happen a lot of times is the prior felony or the felonies that caused the probation notification and probation notification are conducted simultaneously. So at that point, the defendant then writes this letter. Trial judge sees the letter a week or so later, calls the case back up here and says, Hey, look. The defendant wrote me this letter. First time he had ever heard the term consecutive sentences. So what I'm going to take and do is I'm treating this as a motion to withdraw his admission of his guilty plea. They come back in. They have a hearing. They talk. And there's – I will tell you, I had to take and read this I don't know how many times. Mass confusion on the part of the trial judge and defense counsel. Prosecutor had it right. These are mandatory consecutive. Nobody listened. But one thing that came out is defendant said, despite all of this, I do not want to withdraw my admission of my guilty pleas. Even though the trial court was going to treat it as a motion to withdraw? Yes. Okay. And so, you know, as I'm reading this, you scratch your head and you say, well, then, what is it? He's writing about consecutive. What's the purpose? If it's mandatory consecutive and he doesn't withdraw his plea, what's going to happen? He's going to get a mandatory consecutive sentence. Okay. So then what happens as it goes along? They finally explained – they explained to him about consecutive sentences and his complaint was I never – nobody ever said this to me. I was never admonished. But I don't want to withdraw my plea. But at the same time, the trial judge explains to him, well, the sentences in the 15 CF case and the sentences in the 13 CF case, those are not going to run consecutive. Those are going to be concurrent. And in the 13 CF case, the trial judge thought that consecutive sentencing was discretionary, even though the prosecutor said, Your Honor, it's mandatory. All right. So we come back. At that time, then, what the trial judge does is the trial judge then sentences the defendant on both cases simultaneously. And the reason why this is important, because this goes to my argument with respect to this claim that the prosecutor somehow misled the court. They were sentenced together. And what the trial judge did is the trial judge said, On 13 CF, I'm giving you five years on each and I'm making them concurrent. They're permissively consecutive. I'm not going to impose it. I have discretion. I'm making them concurrent. On the 15 case, I'm giving you nine on the traveling and I'm giving you, I think it was, three or six on the grooming. Those are concurrent to each other and everything is concurrent to each other. So at that point, when the trial judge is sentencing this defendant on everything, what is the maximum sentence that she wants to impose on this person? How many years does she want to put this person in prison? Nine. She could have made the other one seven, but she made them five. And everything is concurrent. So what then happens is, again, the prosecutor says, Your Honor, I think the sentences are supposed to be mandatory consecutive. Nobody listens. A couple weeks later, defense counsel knocks on the judge's door and says, Hey, oops. I think we made a mistake. These sentences are supposed to be mandatory consecutive. Mass confusion again because everybody thinks that the defendant was properly advised earlier. There was no way on God's green earth that he was ever advised properly about mandatory consecutive sentences. Okay? No doubt about it. So they come back in. Once again, they try to take and get this. But the only part that was in question is the 13 CF case because that's the only one where the sentences were required to be mandatorily consecutive. So at that point, the trial judge says, Okay. They go into all this. And in discussing all this, the prosecutor says this. And this is found at page R153 of the record, starting at line 16 through line 21. Ms. Filippich, I think Mr. Menzi and I did find a case that says that Your Honor can, you know, amend the numbers so that it ends up reflecting the amount of time that you initially had given him. And I'll find that case. And you're within your right to kind of maneuver the numbers so if it was nine years that you intended. Obviously, what the prosecutor is saying is when you sentenced him, the maximum term that you want to give him on all of these offenses was nine years. So if you want to take the scheme of a maximum of nine years, you can fidge the numbers. So what the trial judge then did is, in sensing on the 13 CF, the trial judge then says, I'm giving you four and a half on each one, mandatorily consecutive. Four and a half and four and a half equals nine. The maximum term possible that he was going to serve on the other offenses. Now, mind you, these are consecutive. Okay. So he's going to serve nine years on these other offenses. Okay. That's a good time and all this other kind of stuff. I mean, isn't the issue with the admonitions were initial admonitions? The issue. Never got admonished. That's true. But that does not automatically require reversal. The issue gets down to whether or not the defendant was denied real justice. Was he somehow prejudiced? Okay. Because of the lack of the consecutive. Maximum admonished term. Right. Which is seven. Okay. You can divide nine and a half. Ultimately, he's serving nine years. But the thing is, though, okay, what sentence, he was advised what? And this is where, to me, this is where I'm at. This is where a defendant's argument is off the tracks. You're talking about the extra two years. You're talking about the aggregate. The thing is, he was admonished four to seven years on each offense. What sentence did he get on the child pornography charges? He didn't get nine years. He got four and a half. The case law and defendant tries to take and distinguish Kearney. If you look at Kearney, Kearney establishes the fact that each offense has its own discrete sentence. You do not look at the aggregate. You don't add him up and say, this is what his sentence is. That's not what his sentence is. On each discrete offense. Let me stop for a minute because I always try to find the, I don't want to say easiest, but the simplest way to view the case. There is, if the admonishments were improper, the remedy is we send it back and give him leave to withdraw his guilty plea. Am I looking at that incorrectly? The problem in my brain is, okay, there's a mistake. So we're going to start over. We're going to start over. What am I missing? The fact is, there are cases where what you're saying is what happens. Because the court has found, for whatever reason, the lack of the admonishment itself deprived the defendant, okay, of real justice. Why doesn't that apply here? Because in this particular case, okay, what we have is, it's the fact that, number one, defendant has already said. He's already, first of all, he wasn't admonished properly. Okay. But during the course of everything that went on, he was told about consecutive sentences, and he was ultimately or eventually told about the fact that they were consecutive. At that point, he still did not say. He already had, like, a motion to withdraw, questioning everything. He didn't want to withdraw his plea. He doesn't want to. Okay. So, okay, but my point, the thing is, the point is this, is the fact that, according to the case law, I'm sure certain charges were, okay. I am sure that certain charges were dismissed. What happens is, the lack of an admonishment alone, by itself, does not, and I will use the phrase, as a matter of law, require reversal. I understand your argument. I do understand your argument. You're saying he knew, even though he wasn't told. He knew. And, but the thing is, his sentence was not increased. It doesn't matter. There wasn't an appeal. It's not like he's being punished on appeal. It's just an accommodation that the court was trying to reach with him. But that's not the point. Whether or not it was on appeal or not is not the point. That, to me, is irrelevant, that it was on appeal. The fact of the matter is, if you take a look at the cases I cite, if you take a look at Carney, and you take a look, and what you have to do is, when I say you have to understand the fact that each offense, each separate child pornography charge has its own sentence, four and a half falls within the three to seven. How he is to serve that sentence is different. That, how he serves it, does not decrease or increase the individual sentences that are imposed. What's the point you're saying we have to look at? It's Carney. C-A-R-N-E-Y. Carney is cited in the cases that I have cited in my brief. You don't cite that separately. I don't cite that separately. The defense counsel in the reply brief analyzes Carney, tries to take and distinguish Carney. And the thing about it is, in Carney, the Supreme Court, the rule is so well established, okay, what I'm speaking of, how the consecutive nature does not increase the sentence, goes back to 1916, where Carney cites a case from 1916 where the Illinois Supreme Court basically said, this guy was sentenced on 72 separate counts of unlawful sale of alcohol.  Unlawful sale of alcohol. Okay, 72 counts. Separate. Consecutive. And the court said, that does not violate Illinois' clause about rehabilitative potential and proportion penalties. Because they said each sentence was a separate, discrete sentence for that, for count one, for count two, for count three, all the way to 72. The fact that you add them up and it comes up to a large number is just how he's a servant. That has no impact whatsoever on whether or not the defendant's sentence was increased. And so that being the case, the four and a half, she reduced it actually from five years to four and a half. And I submit that she did that because it's in keeping with the nine-year sentence that was imposed at the same time on the other felonies. I don't care that nothing was said by the trial judge at that time. That was her intent. I think that's pretty much deducible from exactly what happened in this case. And I think that in this case, the overriding error, even though I know the issue is the admonishment, the overriding problem that I think your honors have, and it's expressed by the defendant here, is the fact that you are aggregating, you're adding the two sentences up and saying, well, gosh, he got nine, he's only supposed to get seven. No, he's only supposed to get seven on each offense. He got four and a half on each. How he serves them makes no difference. And so, therefore, we think that in this case, it was a case that uses the other case as a justification that it's the same thing, that they compare and contrast two cases. Because we've got one case. Oh, fine. I cited Sanders and Harris, and Sanders relied on People v. Carney. No, no, what I'm talking about is what case. I mean, the essence of your argument is you've got to look at the 15 CF case with the 13 CF case. What I'm saying is, I'm just saying. When he got on the 15 case, he's serving nine years in prison. Right. Right? Right. Okay. And you're saying, so in the 13 CF case, when the judge did four and a half and four and a half, that's nine. No harm, no foul, because he's going to be nine years. He's got a nine-year sentence in prison. Correct. Right? And the way you, the essence of that argument is we have to take the sentence he gets in 15 CF to compare it to the sentence he gets. No, no. Okay. What I'm saying is. I'm not aware of a case that does that. Okay. Because he's simultaneously pled in the 15 CF case and got nine years, that clears the decks for any error in the 13 CF case. No, what, and the facts on, what I'm arguing is, with respect to defendant's argument that the prosecutor misled the trial judge. What we're trying to take and do is, when you look at what I read to you, that what the prosecutor said, the prosecutor said, hey, look, you can maneuver the numbers if it wasn't your intent to give him a maximum, if you will, of nine years. Where did that come from? That had to come from the 15 CF case. What I'm trying to do is, I'm trying to take and, from the record, trying to take and deduce what the intent of the trial judge was. Because she doesn't give a whole lot of explanation about what she's doing. And obviously, with all the mass confusion that went on with respect to all this, okay, it just got worse. But nonetheless, trying to take and figure out from her actions, trying to take and figure out what was her intent. Now, I think, because the cases came up together and because she obviously knew what was going on, I think what happened is, I think what it shows, why would she take and go from five to four and a half? Why would she reduce, not increase, not say, okay, well, I'm going to give you a seven, I'm going to give you a five, I'm going to give you six years consecutive. No, she went four and a half. And it's odd to me, and I don't think it's pure consequence, okay, that four and a half and four and a half equals nine, which is exactly the same number that was in the other case. All I'm saying is, is if you try to take and divine what her intent was, I think this is a legitimate way of doing it. I'm not saying you have to do this. You know, you can take and do what you will. And we do. I know, okay. And so it's just that I'm just saying that from this record, I think that that is a very logical deduction to make. And I think that it all plays in. And again, I can't reiterate this enough. When you look at this, you cannot look at it adding it together. To me, the whole thing with the nine years, in my book, is a red herring with respect to the whole argument that this thing is an empty sentence. Because, thank you. And thank you very much, Your Honors. We ask that you would affirm. Thank you. I'm trying to find Connie. If I remember correctly, you referred to that in your reply brief, I think. Yes, Your Honor. As the foundation of the case. And Connie was an apprentice case, wasn't she? Correct. It didn't directly talk about the North Carolina v. Pierce increased sentence argument. But first I'd like to discuss, in response to Your Honor's question about whether or not the sentence was valid, in the first section of arguments, I agree that the sentence is statutorily valid in this case. The issue Mr. Cook has is that whether or not the trial court abused its discretion when it imposed the sentence, where the indisputable effect is that Mr. Cook is going to be spending nine years in prison. Okay. I'm not following. Why is there an unfair? I'm just not following. Which part? It's unfair. And Justice Wood mentioned it, too, that he's getting two more years. Correct. Okay. So what Mr. Cook is alleging is that he's getting two more years based on his admonishments that he got both at his initial guilty plea hearing and throughout. So why not just a do-over? Withdraw your guilty plea. We'll send it back. You'll get the correct admonishments. But you're risking consecutive 14 years. It's seven and seven. Fourteen. So in this case, the guilty plea, the initial guilty plea that happened in, I believe, 2015, under case law it doesn't appear that it can be withdrawn. It would be his admission to the probation revocation. He had a chance to withdraw it before the judge's sentence was final because of all this miscommunication. He had a chance to withdraw it, and he said, no, I don't want to do that. And then immediately thereafter, the judge told him that his sentence were discretionary, consecutive, and she went through an analysis covering both the aggravating and mitigating factors, and she found that consecutive sentences weren't discretionary or were discretionary and that they were not warranted in this case. He was getting nine years in the 2015 CF case. Yes. And that just recently got remanded. Yes. All right. It's a 604D remand. And so that's going to be a do-over? Correct. So your Honors, it would make sense to allow the trial judge to go back and just redo both of them and give Mr. Doesn't Justice Wright make an interesting point that there's real jeopardy in all this? That he could be withdrawing his admission. So if he withdraws his admission, he doesn't want to withdraw his admission. He just wants the opportunity. But the error was discovered within the window of time that he could have. Well, there was still confusion. Three days after that Mr. Koch sent a letter to the judge. Correct. There's a mistake here. Yeah, that he had never been told of consecutive sentences. I just want you to look and make sure that there wasn't a mistake. Correct. But the confusion. The mistake gets repeated again. Correct. All right. I think I understand everybody's point. Yeah, it's very confusing. You know, and you've done a nice job. If there are no other questions, I'd just like to ask this court to remand the case and give the trial court the opportunity to recess. Thank you. Thank you. Thank you, counsel. And I hope you had a good experience on your first argument. Thank you. Because next time we're not going to be nice. She said that now.